dismissal, is not affected by a decision of the Appellate Court thereafter that such dismissal is erroneous though not void, even though the plaintiff in said equity suit relied on the theory that the order of dismissal was void and failed to make any defense to the action at law.

## Luce Furniture Company, Defendant in Error, v. The Almini Company, Plaintiff in Error.

### Gen. No. 20,507. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 26, 1915. Rehearing denied May 10, 1915.

### Statement of the Case.

Action by the Luce Furniture Company, a corporation, against The Almini Company, a corporation, for goods purchased by the Almini Company A. of New York and sent by the order of said company to two other parties in New York. Before the goods were paid for said company ceased to exist and Almini Company B. was organized for the purpose of taking over and continuing the business of said company, which it did, and its capital stock was virtually the same as that of said company. Judgment for plaintiff. Defendant appeals. Affirmed for the same reasons this court affirmed *Quinlan v. Almini Co.*, 191 Ill. App. 568.

GEORGE W. WILBUR, for plaintiff in error.

EASTMAN & WHITE, for defendant in error; WILLIAM R. PEACOCK, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. CORPORATIONS, § 597*—*when succeeding corporation liable for debts of predecessor.* A corporation created to take over the business of another corporation of the same name whose charter had expired, the capital stock of which was paid by the transfer of all the property and assets of the latter, is liable for the unpaid purchase price of goods ordered by the latter prior to the expiration of its charter.

2. CORPORATIONS, § 346*—*when corporation cannot object to want of power.* A corporation accepting the benefits of a transaction cannot in an action for the purchase price object to its want of power to engage in the particular undertaking.

3. CORPORATIONS, § 325*—*what business incidental to that for which organized.* Trading in furniture may reasonably be considered as incidental to the business of a corporation formed to engage in the business of interior decoration.

Bullard-Johnson Land & Sheep Company for use of J. H. Bishop, Administrator, Appellant, v. Oregon Short Line Railroad Company, Appellee.

### Gen. No. 20,535.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 26, 1915.

## Statement of the Case.

Action by Bullard-Johnson Land & Sheep Company, a corporation, for the use of J. H. Bishop, administrator of the estate of J. M. Wilson, deceased, against the Oregon Short Line Railroad Company

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.